UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN RAYFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>AMAZON LOGISTICS, INC.,<br><br>        Defendant. | No. 1:21-cv-20591-NLH-EAP<br><br><br><br>OPINION |

**APPEARANCES**:

JOHN RAYFORD
P.O. BOX 101
CLEMENTON, NJ 08021

    *Plaintiff Appearing Pro Se*.

KEITH J. ROSENBLATT, ESQ.
CHRISTIE ANN PAZDZIERSKI, ESQ.
LITTLER MENDELSON, P.C.
ONE NEWARK CENTER, 8TH FLOOR
NEWARK, NJ 07102

    *On behalf of Defendant Amazon.com Services LLC, incorrectly s/h/a Amazon Logistics, Inc.*

**HILLMAN, District Judge**

Presently before the Court is the motion of Defendant Amazon.com Services LLC to dismiss Plaintiff John Rayford's claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. For the reasons expressed below, Defendant's motion will be granted with leave to amend.

## BACKGROUND

John Rayford (appearing pro-se) worked for Amazon.com Services LLC, incorrectly named as Amazon Logistics, Inc., from August 31, 2020 to December 12, 2020. Plaintiff alleges that his manager and a human resources person advised him that he was allowed to "retire" from his position to tend to family matters. (ECF No. 1 at 7). On January 1, 2021, Plaintiff reapplied to Defendant to go back to work. (Id.). Plaintiff asserts that Defendant discriminated against him when Defendant refused to re-hire Plaintiff allegedly due to "open charges." (ECF No. 1 at 8). Plaintiff alleges that Defendant had previously hired him with full knowledge of those difficulties and implies that Defendant has hired and continues to employ others with "open charges." (Id.).

Plaintiff generally alleges discrimination and seeks to recover damages of lost wages and "stress" which the Court broadly construes as emotional damages. (Id.) Plaintiff alleges he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). (Id.) However, to date that letter has not been provided to the Court.

Procedurally, Defendant removed the instant case from state court on December 20, 2021, (ECF No. 1), and subsequently filed a Motion to Dismiss pursuant to 12(b)(6) on January 10, 2022. (ECF No. 7). Plaintiff has not filed opposition to the motion.

## DISCUSSION

### I. Subject Matter Jurisdiction

This matter was properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. (ECF No. 1 at 2, 4). This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are of diverse citizenship, and pursuant to federal question jurisdiction, 28 U.S.C. § 1331, based on Plaintiff's alleged Title VII claim.

### II. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in

4

the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

III. **Standard for Title VII Claims**

Defendant construes Plaintiff's pleading as asserting a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII") and in light of Plaintiff's reference to filing a charge with the Equal

5

Employment Opportunity Commission ("EEOC") the Court agrees that under the "well-pleaded" complaint rule the Complaint appears to assert such a claim. Smith v. Vanguard Dealer Servs., No. 09-31, 2009 WL 2152096, at *2 (D.N.J. Jul. 14, 2009) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Title VII prohibits employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2.

In order to state a prima facie case for discriminatory discharge under Title VII, a plaintiff must allege: (1) that he is a member of a protected class; (2) that he is qualified for the position; (3) that he was fired from that position; and (4) that the circumstances of the case give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class. Jones v. School Dist. Of Philadelphia, 198 F.3d 403, 411 (3d Cir. 1999); Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir. 1995). Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

**IV.** **Analysis**

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id.

6

(internal quotation marks omitted). See also Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."). But while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim," Owens v. Armstrong, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)), and pro se litigants are not exempt from complying with federal pleading standards. See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). Specifically, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claims showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

Defendant argues that Plaintiff fails to provide sufficient facts to state a claim under Title VII because Plaintiff did not plead that he was a member of a protected class: race, color, religion, sex, or national origin. (ECF No. 7-1 at 3); 42 U.S.C. § 2000e-2. Defendant further contends that Plaintiff has failed to allege a causal link between the failure to rehire him and discriminatory intent. (ECF No. 7-1 at 4-5.)

Plaintiff alleges he was discriminated against in that he was not re-hired by Defendant because of "open charges." (ECF No. 1 at 8). The Court finds that Plaintiff has not alleged

7

sufficient facts to assert a plausible Title VII claim.

For a prima facie case, Plaintiff must allege: (1) that he is a member of a protected class; (2) that he is qualified for the position; (3) that he was fired from that position; and (4) that the circumstances of the case give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class.

For the first element, Plaintiff does not assert that he is explicitly part of a protected class pursuant to 42 U.S.C. § 2000e-2. (ECF No. 1 at 8). However, this does not necessarily preclude his ability to do so, in that this Circuit has recognized that hiring policies that pertain to criminal behavior or criminal convictions could violate Title VII if that policy has a disparate impact on members of a protected group. See El v. SEPTA, 479 F.3d 232, 238-39 (3d Cir. 2007). Based on the Plaintiff's Complaint alone, one can infer that "open charges" refer to a pending criminal case, but Plaintiff does not provide any documents of court proceedings or any other information that could support a disparate impact claim. (ECF No. 1 at 8).

With regard to the second element, Plaintiff alleges that he was applying for the same job that he was allowed to "retire" from. (Id.). He alleges that for the five months he was employed he received no disciplinary action. (Id.). These

8

facts, in the light most favorable to the Plaintiff, demonstrate that he was qualified for the position that he re-applied for satisfying the second element.

For the third element, Plaintiff alleges he was denied employment by Defendant due to "open charges." (Id.). Section 2000e-2(a) provides that an unlawful employment practice for an employer includes the refusal to hire an individual as well as termination. Gunnings v. Borough of Woodlynne, No. 05-5459, 2007 U.S. Dist. LEXIS 94759, at *17 n.1 (D.N.J. Dec. 28, 2007). Given this, Plaintiff has plausibly alleged the third element.

Finally, with regard to the fourth element, Plaintiff alleges that Amazon "can[']t discriminate against 1 person they would have to terminate every person that has an open charge working for them. So why are they just targeting 1 person?" (ECF No. 1 at 8). While this allegation does not directly allege facts suggesting a causal link between the failure to rehire him and discriminatory animus, it does, albeit indirectly, suggest the stated justification of "open charges" masks another motivation which could be discriminatory. However, the Court need not speculate as Plaintiff, even pro se, bears the burden of adequate pleading. There are insufficient facts pled to satisfy the fourth element of a causal link between the failure to rehire him and an improper and unlawful discriminatory purpose.

9

Lastly, Plaintiff must exhaust his administrative remedies, (Kopko v. Lehigh Valley Health Network, 776 Fed. App'x 768, 773 (3d Cir. 2019)), and timely file a complaint after that process is complete. Here, while Plaintiff asserts in his Complaint that he received an EEOC right-to-sue letter, which implies Plaintiff has exhausted his administrative remedies as required prior to bringing this case, (ECF No. 1 at 8), but he does not provide a copy of this letter or provide any additional details for the Court or the Defendant to assess the timeliness of his filing. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469, (3d Cir. 2001) (stating that under Title VII, before a plaintiff can file suit for race discrimination, he must first file a charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice); Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999) (stating that a right-to-sue letter is required before a plaintiff can bring a Title VII suit).

Since Plaintiff has failed to allege a plausible claim under Title VII, Defendant's motion to dismiss will be granted. While the Complaint as currently pled does not meet the standards of Rule 12, there is some possibility that Plaintiff could provide additional details to properly assert his claims. Cunningham v. Albright College, No. 20-01429, 2020 WL 7640192, at *6 n.8 (E.D. Pa. Dec. 23, 2020). Given the strict timeliness

requirements of Title VII claims, if Plaintiff's claim was dismissed and he was to refile, Plaintiff could become precluded from bringing his claim. Williams v. Township of Lakewood, No. 17-11401, 2020 WL 7391009, at *6 (D.N.J. Dec. 15, 2020) ("The Third Circuit has strictly construed [Title VII's filing deadlines] and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.") (internal citation and quotations omitted). Therefore, the Court will grant Plaintiff thirty (30) days to amend his Complaint to address the deficiencies set forth in this Opinion if he is able to do so.

## CONCLUSION

For the reasons expressed above, Defendant's Motion to Dismiss (ECF No. 7) will be granted, and Plaintiff will be granted leave to file an amended Complaint within 30 days of this Opinion.

An appropriate Order will be entered.


Date: September 2, 2022                s/Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.